Christopher B. Turcotte (CT-0867)
THE LAW OFFICE OF CHRISTOPHER B. TURCOTTE, P.C.
575 Madison Avenue, Suite 1006
New York, New York 10022
(212) 937-8499
*Attorneys for Defendants Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A.*

JUDGE KARAS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

14 CV 9540

| | |
|---|---|
| KAROL GAWRYCH,<br>Plaintiff,<br>- against -<br>CHASE BANK USA, N.A., JP MORGAN CHASE BANK, N.A., CITIBANK, N.A.,<br>Defendants. | Civil Action No.<br><br>**NOTICE OF REMOVAL** |

FILED
U.S. DISTRICT COURT
2014 DEC -3 PM 2:10
S.D. OF N.Y.

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1331, 1332, 1441 and 1446, and based upon the grounds set forth in this Notice of Removal, defendants Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A. (collectively "Chase") hereby move to remove the claims at issue in plaintiff Karol Gawrych's ("Plaintiff" or "Gawrych") Verified Complaint, as described more fully below, from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Southern District of New York. In support of its Notice of Removal, Chase states as follows:

1. On or about October 27, 2014, Plaintiff filed a Summons and Verified Complaint in Supreme Court of the State of New York, Queens County, where the matter was assigned Index No. 707924/2014.

2. On or about November 13, 2014, Plaintiff personally served a copy of the Summons and Verified Complaint upon Chase at 270 Park Avenue, New York, New York

10017. True and accurate copies of the Summons and Verified Complaint are attached hereto as Exhibit "A".

3. The Verified Complaint constitutes the initial pleading for purposes of removal under 28 U.S.C. §1446(b) as it provides the necessary facts to support this notice of removal. Removal is thus timely under 28 U.S.C. §1446(b) because Chase has filed this notice within thirty days of receipt of the Verified Complaint. Chase has not responded to the Verified Complaint or appeared in the state court action.

4. In sum and substance, Plaintiff's Verified Complaint contends that Chase misattributed two credit card accounts to him, which Chase allegedly misreported to the credit bureaus, and that Chase was dilatory in correcting this error, which caused damage to his credit history. Plaintiff asserts claims against Chase for (i) defamation ("First Cause of Action"), (ii) libel ("Second Cause of Action"), (iii) negligence ("Third Cause of Action"), (iv) New York's Fair Credit Reporting Act, and (v) New York's General Business Law §349 ("Fifth Cause of Action"), seeking $500,000 in actual damages, $300,000 in punitive damages, together with interest, attorney's fees and costs.

5. Removal is warranted here based upon diversity of citizenship under 28 U.S.C. § 1332(a), insofar as (i) Plaintiff alleges to reside in Rye Brook, Westchester County, New York (*see* Verified Complaint, at ¶2),[1] (ii) Chase Bank USA, N.A. is a federally chartered national association organized under the laws of the United States with its main office located in Wilmington, Delaware, as designated in its Articles of Association, and (iii) JPMorgan Chase

[1] Although this action was originally commenced in Queens – presumably because Plaintiff's counsel is located in that county – because Plaintiff resides in Westchester County and none of the defendants is a resident of Queens County, this case is being removed to United States District Court for the Southern District of New York. Indeed, the caption of Plaintiff's Summons states that "Plaintiff designates Westchester County as place of trial."

Bank, N.A. is a federally chartered national association organized under the laws of the United States with its main office located in Columbus, Ohio, as designated in its Articles of Association.[2] *See WBCMT 2007-C33 NY Living, LLC v. 1145 Clay Ave. Owner, LLC*, 964 F. Supp. 2d 265, 269 (S.D.N.Y. 2013) ("As a national banking association, U.S. Bank 'is a citizen of the State in which its main office, as set forth in its articles of association, is located'") (citing *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006)); *see also Excelsior Funds, Inc. v. JP Morgan Chase Bank, N.A.*, 470 F. Supp. 2d 312, 313 (S.D.N.Y. 2006) (JPMorgan Chase Bank, N.A.'s removal proper as "a national bank is a citizen only of the state in which its main office is located, and not the state in which its principal place of business is located")(citing *Wachovia Bank*). Also, the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

6. In addition to diversity of citizenship, because this matter is purely a claim for relief based on an alleged credit reporting violation, it also merits removal to this Court. Although Plaintiff alleges injury based a violation of New York's Fair Credit Reporting Act and related common law and New York statutory causes of action, the Second Circuit has squarely held that federal Fair Credit Reporting Act (FCRA), 15 U.S.C. §1681 *et seq.*, preempts all state law claims, whether common law or statutory, that concern the duties of furnishers of information to credit agencies. *Macpherson v. JPMorgan Chase Bank, N.A.*, 665 F.3d 45, 47-48 (2d Cir. 2011).

---

[2] Although referenced in the action's caption, Citibank, N.A. is not mentioned in the body of the Verified Complaint and its inclusion in the caption is presumably a typographical error. Regardless, Citibank's inclusion would not defeat diversity, as it is a federally chartered national association organized under the laws of the United States with its main office located in Sioux Falls, South Dakota, as designated in its Articles of Association. It bears further mention that Chase Bank USA, N.A., which maintains no offices in the State of New York, is misidentified by Plaintiff as a "wholly owned subsidiary of" JPMorgan Chase Bank, N.A. (*see* Verified Complaint, at ¶3), the latter entity having no involvement with the subject credit card accounts.

7. Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441(b), causes of action arising under the FCRA, insofar as they implicate a federal question, are properly removed to federal court. *See, e.g., Green v. NCO Inovision*, 2010 WL 147934, at *1 (D.N.J. Jan. 11, 2010); *Farley v. Williams*, 2005 WL 3579060, *1, 2 (W.D.N.Y. Dec. 30, 2005); *Caltabiano v. BSB Bank & Trust Co.*, 387 F.Supp.2d 135, 137 (E.D.N.Y. 2005).

8. Copies of all records and proceedings filed in the State court action are attached hereto as Exhibit "A" as required by 28 U.S.C. § 1446(a).

9. Chase is simultaneously filing a copy of this Notice with the Supreme Court of the State of New York, Queens County, in accordance with 28 U.S.C. § 1446(d).

10. This Notice of Removal is also filed with Disclosure Statements certifying the identity of all publicly traded corporate entities associated with Chase, in accordance with the requirements of Rule 7.1 of the Federal Rules of Civil Procedure.

WHEREFORE, defendant Chase requests that this action be removed from the Supreme Court of the State of New York, County of Queens, to the United States District Court for the Southern District of New York.

Dated: New York, New York
December 3, 2014

THE LAW OFFICE OF
CHRISTOPHER B. TURCOTTE, P.C.

By: ______________________
Christopher B. Turcotte (CT-0867)
575 Madison Avenue
New York, New York 10022
(212) 937-8499
*Attorneys for Defendant Chase Bank USA, N.A. and JPMorgan Chase Bank, N.A.*

**SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS**

---------------------------------------------------------------X

KAROL GAWRYCH,

Index No. ______________

Plaintiff,

**SUMMONS**

-against-

Plaintiff designates Westchester County as place of trial. The basis of venue is Plaintiff's residence.

CHASE BANK USA, N.A., JP MORGAN CHASE BANK, N.A., CITIBANK, N.A.

Defendants.

---------------------------------------------------------------X

To the above named Defendant:

**YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve a copy of your answer, or, if the Complaint is not served with this summons, to serve a Notice of Appearance, on the Plaintiff's attorney(s) within 20 days after the service of this summons, exclusive of the day of the service (or within 30 days after the service is completed if this summons is not personally delivered to you within the State of New York); and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

Yours etc.,

______________________

Margarita Rubin, Esq.
**Robert Aronov & Associates, P.C.**
*Attorneys for the Defendant*
8802 136th Street,
Richmond Hill, NY 11418
Tel. (718) 206-1555
Fax. (718) 206-1272

Dated: 10/24/14
Queens, NY

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

---x

KAROL GAWRYCH,

Index No.: ______________

Plaintiff,

**VERIFIED COMPLAINT**

-against-

CHASE BANK USA, N.A., JP MORGAN CHASE BANK, N.A., CITIBANK, N.A.

Defendants.

---x

Plaintiff, by his attorneys, ROBERT ARONOV & ASSOCIATES, P.C., as and for a Verified Complaint herein, respectfully sets forth and alleges the following upon information and belief, unless stated otherwise:

**NATURE OF THE ACTION**

1. This is an action seeking money damages in an amount to be determined at trial for defamation, commercial defamation per se,

**PARTIES**

2. Plaintiff, **Karol Gawrych** is a natural person residing at 440 N. Ridge Street, Rye Brook, New York, 10573.

3. Upon information and belief, Defendant **Chase Bank USA, N.A.** (hereinafter "Chase") is a wholly owned subsidiary of Defendant **JP Morgan Chase Bank, N.A.**, (hereinafter "JP Morgan") a foreign business corporation with principal offices at 270 Park Avenue, 38th Floor, New York, New York, 10017.

**JURISDICTION AND VENUE**

4. This Court has jurisdiction over this action based on the residence of the Plaintiff, which is within the County of Westchester.

5. Venue is proper under CPLR §§ 503 and 509.

**MATERIAL FACTUAL ALLEGATIONS**

6. On or about April of 2011, Π was a student at the University of Massachusetts.

7. On or about April of 2011 Π began to prepare for the next school year by applying for student loans.

8. All lenders denied Π's applications for student loans.

9. Π requested and received a copy of his credit report from Trans Union (**Exhibit A**).

10. The credit report lists Π's date of birth as April of 1959. At the time of the report, Π was only 23 years old, having been born in 1989, not 1959.

11. The report then lists employment data, which shows Π to have been employed as an accountant by a company previously unknown to him, Haver Analistics Inc. Π's date of hire was listed on the credit report as May of 2001. At this time he was 13 years old.

12. Under the section "Adverse Accounts" were listed two Chase/Bank One credit cards, account numbers 414720204857**** (hereinafter "account 414") and 426651422343**** (hereinafter "account 426"). Both accounts were listed as delinquent by more than 90 days and written off by the creditor.

13. Π did not have any credit accounts with Chase/Bank One. Π quickly realized that a mistake had been made affecting his credit rating.

14. Π complained to TransUnion, Experian and Equifax, and each company initiated an investigation.

15. After a month of struggling with this problem, the credit bureaus cleared the erroneous reports from Π's record. It took another six months for the Δ Chase to delete the erroneous accounts.

16. When Π received the final letter from Chase stating that the accounts had been deleted, Π's credit score had dropped from the 90th percentile to the 50th percentile. Π's efforts to get a student loan to continue his education were damaged forever. Π was only able to continue school through an emergency loan from his father's pension.

17. Π has been damaged by the conduct of the Δ.

18. This is an action to recover both real and punitive damages for Defendant's defamation, slander and violations of New York and Federal regulations and statutes.

**<u>AS AND FOR THE FIRST CAUSE OF ACTION</u>**

**<u>DEFAMATION</u>**

19. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

20. Δ Chase made a false statement about the Π, and published it to a third person. This consisted of Δ reporting two delinquent credit card accounts to the credit bureaus under Π's name.

21. Δ did this with negligence and recklessness as to the truth of these statements.

22. The Π suffered damages to his reputation, his finances, his academic standing and his credit score.

23. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages he sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding, but are in no event less than One Hundred Thousand Dollars ($100,000.00). Π further demands punitive damages in the amount equal to the actual damages incurred. Said damages are to be determined during the course of this proceeding, but are in no event less than One Hundred Thousand Dollars ($100,000.00).

**AS AND FOR THE SECOND CAUSE OF ACTION**

**LIBEL**

24. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

25. As alleged herein, Defendant, made factual misrepresentations to all three credit bureaus regarding Π's creditworthiness by attributing to him these two false credit card accounts.

26. In making each of these false statements, Defendant acted with scienter in that they either had actual knowledge of the false statements, or acted with reckless disregard for the truth in that they failed to ascertain and to disclose the true facts, even though such facts were available to them.

27. Δ then recklessly and negligently published the false statements to a third person, *i.e.* the credit bureaus.

28. Defendant is liable for actual and punitive damages because this libel is a matter

of purely private concern, so both presumed and punitive damages may be awarded on a lesser showing than actual malice. *See Dun & Bradstreet, Inc. v. Greenmoss Builders, Inc.*, 472 U.S. 749 (1985).

29. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages he sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding, but are in no event less than One Hundred Thousand Dollars ($100,000.00). Π is also entitled to recover punitive damages in an amount to be determined at trial but in no case less than One Hundred Thousand Dollars ($100,000.00).

**AS AND FOR THE THIRD CAUSE OF ACTION**

**NEGLIGENCE**

30. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

31. Defendant Chase had an affirmative duty to report only true information regarding the Π to the credit bureaus.

32. Δ Chase violated that duty by reporting false information regarding Π to the credit bureaus, which no reasonably prudent person would have done.

33. These actions damaged the Π by preventing him from receiving a student loan, and causing him damage to his reputation, academic and financial standing and his prospects for future credit.

34. These damages were easily foreseeable given the Δ's negligent acts.

35. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages he sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding, but are in no event less than One Hundred Thousand Dollars ($100,000.00).

**AS AND FOR THE FOURTH CAUSE OF ACTION**

**VIOLATION OF THE NEW YORK FAIR CREDIT REPORTING ACT**

36. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

37. Under the New York Fair Credit Reporting Act (the FCRA), any consumer has a private right of action against any "consumer reporting agency or user of information who or which is negligent in failing to comply with any requirement imposed under this article... with respect to any consumer is liable to that consumer in an amount equal to the sum of:

    a. Any actual damages sustained by the consumer as a result of the failure;

    b. In the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court." N.Y. Gen. Bus. Law § 380-m (McKinney).

38. Δ Chase negligently failed to comply with the requirements of the New York FCRA.

39. By reason of the foregoing acts and conduct, Plaintiff is entitled to recover all actual damages he sustained as a result of the acts as alleged above, plus consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees. Said damages are to be determined during the course of this proceeding, but are in no event less than One Hundred Thousand Dollars ($100,000.00).

**AS AND FOR THE FIFTH CAUSE OF ACTION**

**VIOLATION OF GENERAL BUSINESS LAW § 349**

40. Plaintiff repeats and realleges each and every allegation contained in all paragraphs above, as if fully set forth herein.

41. Pursuant to General Business Law Section §349 of the State of New York, Defendant is prohibited from engaging in deceptive acts and practices in the conduct of their business or in the furnishing of any service in the State of New York.

42. Defendant's acts described above constitute violations of the state law because Defendant has engaged in deceptive acts and practices in violation of General Business Law §349.

43. Due to the willful and wanton nature of the Defendant's acts, the need to deter

such conduct in the future, Plaintiff demands compensatory damages, in the amount of One Hundred Thousand Dollars ($100,000.00), punitive damages in the amount of One Hundred Thousand Dollars ($100,000.00), and an award of attorneys' fees as authorized by General Business Law §349.

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows: a) judgment against the Defendant in the amount of $500,000.00 for actual damages, and $300,000.00 for punitive damages; b) consequential damages in accordance with the evidence, interest, costs, and reasonable attorneys' fees; c) also for any further relief that the Court thinks justified.

Dated: 10/15/14
Queens, NY

Yours etc.,

Margarita Rubin, Esq.
**Robert Aronov & Associates, P.C.**
*Attorneys for the Defendant*
8802 136th Street,
Richmond Hill, NY 11418
Tel. (718) 206-1555
Fax. (718) 206-1272

**VERIFICATION**

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

KAROL GAWRYCH, being duly sworn, deposes and says, that deponent is the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents of the Verified Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

KAROL GAWRYCH

Subscribed and sworn to before me
on 15th day of October

Notary Public

MARGARITA RUBIN
Notary Public, State of New York
No. 02RU6259248
Qualified in Kings County
Commission Expires April 19, 2016

**VERIFICATION**

STATE OF NEW YORK, COUNTY OF QUEENS, ss.

WLADYSLAW GAWRYCH, being duly sworn, deposes and says, that deponent is the Plaintiff in the within action. I have read the foregoing Complaint and know the contents thereof. The contents of the Verified Complaint are true to my knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

WLADYSLAW GAWRYCH

Subscribed and sworn to before me
on 16th day of September 2014

Notary Public

MARGARITA RUBIN
Notary Public, State of New York
No. 02RU6259248
Qualified in Kings County
Commission Expires April 19, 2016

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF QUEENS

INDEX No.:707924/2014

KAROL GAWRYCH

Plaintiff,

-against-

CHASE BANK NA, CITIBANK, JP MORGAN

Defendant.

**SUMMONS AND COMPLAINT**

**ROBERT ARONOV & ASSOCIATES, P.C.**
**8802 136th St.**
**Richmond Hill, NY 11418**
**Tel. (718) 206-1555**
**Fax (718) 206-1272**

To

Service of a copy of the within is hereby admitted

Dated: ______________

Attorney(s) for